```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 28, 2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA.,

                    Plaintiff,

    -against-                              05-CV-3847 (KMW)

KEVIN HARDY,                           **OPINION & ORDER**

                    Defendant.
----------------------------------------------------------X

KIMBA M. WOOD, United States District Judge:

      On July 24, 2024, the United States of America filed a motion to hold Defendant Kevin Hardy ("Defendant") in civil contempt for violating the April 16, 2007 Stipulation and Order in this case. (Mot., ECF No. 21.) The Government alleges that Defendant has continued to prepare federal income tax returns despite this Court's permanent injunction prohibiting him from doing so. The Government seeks as sanctions: (1) disgorgement of all fees Defendant earned by preparing tax returns; (2) disclosure of all of Defendant's tax-preparation customers, and Defendant's financial and bank records, from April 16, 2007 to the present; and (3) fees and costs the Government incurred to investigate and bring this contempt motion. (Gov't Mem. of Law in Supp., ECF No. 22 at 6-7.) For the reasons set forth below, the Court GRANTS the Government's motion.

## BACKGROUND

### I. The April 16, 2007 Stipulation and Order

      In 1990, Defendant Kevin Hardy began operating a tax return preparation business under his name, with a business address at P.O. Box 1707, New York, New York 10274. (Compl. ¶¶ 6,

7, ECF No. 1.) On April 15, 2005, the Government filed a civil complaint against Defendant, alleging that Defendant had prepared federal income tax returns for customers, fraudulently claiming a tax credit to provide reparations to African-Americans for past slavery and mistreatment (the "slavery reparations tax credit"). (*Id.* ¶ 1.) On April 3, 2007, Defendant agreed to a Stipulation and Order of Settlement and Dismissal (the "Stipulation and Order"), enjoining him from "[a]cting as an income-tax return preparer, including, but not limited to, operating his federal income tax return preparation business[.]" (ECF No. 17 at 4.) The Court entered the Stipulation and Order on April 16, 2007. (*Id.* at 7.) The Court explicitly "retain[ed] jurisdiction over any matters arising under th[e] Stipulation and Order, including any failure by defendant to adhere to the requirements of the permanent injunctive relief[.]" (*Id.* at 6, ¶ 4.)

## II. Defendant's Alleged Violations of the Stipulation and Order

The Government alleges that in the years since the Court so-ordered the Stipulation and Order, Defendant has continued to act as a tax preparer and operated a tax return preparation business. (Mot. at 2-3.) While investigating whether Defendant violated the Stipulation and Order, the Government identified a Preparer Tax Identification Number ("PTIN") ending in -9531 associated with an individual named Devone Hardy. (*Id.* at 2; Declaration of Robert A. Montemorra ("Montemorra Decl.") ¶ 6, ECF No. 23.) From 2016 to 2024, Internal Revenue Service ("IRS") records showed that approximately 8,000 tax returns were filed under the PTIN ending in -9531, with the preparer listed as "Hardy." (Montemorra Decl. ¶ 7.) From 2016 to 2024, IRS records showed that approximately 1,200 additional returns were filed under the same PTIN, with the preparer listed as "Devon Hardy." (*Id.*)

The Government interviewed five individuals whose tax returns were filed using the PTIN. (*Id.* ¶ 9.) Those individuals confirmed that Defendant had prepared their federal income

tax returns in the years after the Court entered the Stipulation and Order, and that he charged them between $175 and $250 for his services.  (*Id.* ¶¶ 10, 15.)  At least one individual stated that Defendant had prepared their tax returns for fifteen years.  (*Id.* ¶ 10.)  Defendant communicated with the five individuals using the email address: hardykevin_@hotmail.com.  (*Id.* ¶ 11 & Ex. A.)  For example, on January 11, 2022, one customer emailed Defendant at that email address, asking: "Just my annual check-in to see if you'd be available to do my wife and my taxes again this year?"  (*Id.* Ex. A.)  Defendant responded that he was "available to assist you with your taxes," asked the customer for an IRS letter he needed "to process [the] tax return . . . [and] limit the delays [from] last year[,]" and signed the email with his name, "Kevin".  (*Id.*)

The five taxpayers interviewed by the Government also confirmed that after Defendant had filed their federal income tax returns, he sent them copies of the returns along with a cover letter bearing one of the two following headers:

| K & T Associates, LLC<br>P.O. Box 1707<br>New York, NY 10274<br>(516) 369-4327<br>hardykevin_@hotmail.com | K & T Associates LLC<br>115 Vernon Ave<br>Mount Vernon, NY 10553<br>(516) 369-4327<br>hardykevin_@hotmail.com |
|---|---|

(*Id.* Ex. B.)  The address in the first header is the same P.O. Box from which Defendant operated his tax return preparation business in 2005.  (Compl. ¶ 6.)  As for the address in the second header, the Government conducted a public records search and found a vehicle in Defendant's name registered to that Mount Vernon address.  (Montemorra Decl. ¶ 12.)  The tax preparation cover letters were signed with the name "hardy" and requested payment through a variety of payment methods, including Venmo to the account "kevin-hardy-1".  (*Id.* ¶ 14 & Ex. B.)  The Government took screenshots of the public profile of that Venmo account that show the account received at least 17 payments in 2019 with notations such as "Taxes," "2018 taxes," "Taxes.

3

Thank you," and "2018 filed." (*Id.* ¶¶ 16-17 & Ex. C.)  A public LinkedIn profile for "Kevin Hardy" displays a photo similar to the photo in the Venmo account and notes that Defendant owned K&T Associates, LLC from 1991 to 2010.  (*Id.* ¶ 18 & Ex. D.)

On September 10, 2025, the Court held an evidentiary hearing so that Hardy could clarify statements he made in his briefing in opposition to the Government's motion and provide the evidentiary basis for those statements.

## LEGAL STANDARD

Courts have the inherent power to enforce compliance with their lawful orders by holding violators of such orders in civil contempt.  *See Armstrong v. Guccione*, 470 F.3d 89, 102 (2d Cir. 2006) (citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966)).  To establish civil contempt for failure to obey a court order, the moving party must show that (1) the order the alleged contemnor failed to comply with is clear and unambiguous; (2) the proof of noncompliance is clear and convincing; and (3) the alleged contemnor has not diligently attempted to comply in a reasonable manner.  *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 111 (2d Cir. 2015) (quoting *Perez v. Danbury Hosp.*, 347 F.3d 419, 423–24 (2d Cir. 2003)).  The moving party does not need to show that Defendant's conduct was willful.  *See Taggart v. Lorenzon*, 587 U.S. 554, 561 (2019).

## DISCUSSION

### I.  Defendant Is Liable

The Government argues that the Court should hold Defendant in civil contempt for failure to comply with the Stipulation and Order.  The Court agrees.  As explained below, the Stipulation and Order is clear and unambiguous, the Government's submission—along with

4

Hardy's testimony at the hearing—shows, by clear and convincing evidence, Defendant's noncompliance with the Stipulation and Order, and Defendant did not diligently attempt to comply with the Stipulation and Order.[1]

### A. The Stipulation and Order Is Clear and Unambiguous

An order is "clear and unambiguous" where it is "specific and definite enough to apprise those within its scope of the conduct that is being proscribed" or required. *Nat'l Basketball Ass'n v. Design Mmgt. Consultants, Inc.*, 289 F. Supp. 2d 373, 377 (S.D.N.Y. 2003) (Buchwald, J.) (citing *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1352 (2d Cir. 1989)). A clear and unambiguous order leaves "no uncertainty in the minds of those to whom it is addressed, who must be able to ascertain from the four corners of the order precisely what acts are forbidden." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995) (citations omitted).

The Stipulation and Order is clear and unambiguous because it contains specific and definite language that informed Defendant of the conduct in which he was prohibited from engaging . Specifically, Section 1(a) of the Stipulation and Order permanently enjoins Defendant from "[a]cting as an income-tax return preparer, including, but not limited to, operating his federal income tax return preparation business." (Stipulation and Order at 4.) There is nothing ambiguous about that language, despite Defendant's attempt to argue that the "intent and spirit of the Stipulation [and Order] was to address Defendant's admittedly improper attempt to claim slavery reparations in federal tax returns he prepared." (Opp'n at 7.) The

---

[1] The Government argues that Defendant has waived any arguments regarding the first and third elements of civil contempt, because Defendant, in his opposition brief, did not dispute that the Government had showed that (1) the Stipulation and Order was clear and unambiguous and (2) Defendant did not diligently attempt to comply with the Stipulation and Order in a reasonable manner. (Reply at 4 n.1, ECF No. 34.) For the sake of completeness, the Court addresses each element of civil contempt.

5

purpose of the Stipulation and Order is prominently outlined on the first page of the document: "to prevent [D]efendant from working as a tax preparer in the future because of his unlawful conduct in preparing returns with this fabricated credit[.]"  (Stipulation and Order at 1.)

Moreover, a court is less likely to find an order ambiguous when the contemnor negotiated and consented to that order.  *See Nunez v. New York City Dep't of Corr.*, 758 F. Supp. 3d 190, 218 (S.D.N.Y. 2024) (Swain, C.J.) (holding that court orders were clear and unambiguous because "[n]ot only were the orders at issue entered on consent, after Defendants participated in negotiating and drafting their precise terms, but Defendants have never suggested to the Court that additional clarity was needed.").  Defendant, represented by counsel, agreed to and signed the Stipulation and Order to resolve the Government's civil complaint against him.  From the clear language in that Stipulation and Order, Defendant was well aware that he could no longer prepare tax returns for customers or operate his tax preparation business.

### B. The Government Has Proven Noncompliance by Clear and Convincing Evidence

In a civil contempt action, the moving party bears the burden of proving noncompliance by "clear and convincing" evidence.  *City of New York v. Loc. 28, Sheet Metal Workers' Int'l Ass'n*, 170 F.3d 279, 282 (2d Cir. 1999).  Proof of noncompliance is "clear and convincing" when the evidence demonstrates to a "reasonable certainty" that a violation occurred.  *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002).

Defendant contends that "there is no direct connection found between Devone Hardy and Defendant" and that it is possible that an individual named Devone Hardy is properly permitted to prepare the tax returns at issue in this case.  (Opp'n at 4.)

Regardless of whether Devone Hardy is related to Defendant, there is clear and convincing evidence that Defendant violated Section 1(a) of the Stipulation and Order when he

continued to operate a federal income tax return preparation business—K & T Associates LLC—and act as an income-tax return preparer.

The Government has provided extensive, undisputed evidence that Defendant has not complied with the Stipulation and Order over the nearly two decades since its entry. For example, the Government interviewed Defendant's customers, who confirmed that (1) Defendant Kevin Hardy—not an individual named Devone Hardy—prepared their tax returns after April 16, 2007; (2) Defendant communicated with them using the email address hardykevin_@hotmail.com; and (3) Defendant sent them cover letters stating that their returns had been electronically filed and requesting payment for his services, including through Venmo to the account "kevin-hardy-1". Screenshots from the transaction history for this Venmo account corroborate that Defendant received payment for tax preparation services more than a decade after the Stipulation and Order was entered. (ECF No. 23-3)

Hardy's own testimony during the hearing established clearly and convincingly that he did not comply with the Court's order: he admitted that he continued to operate as a tax return preparer well after April 16, 2007. For instance, in response to being asked whether he was operating an income tax preparation business in 2022, Hardy answered unequivocally that he was. (Sept. 10, 2025 Hearing Tr. 12:3-5.) In that same hearing, Hardy admitted that he operated an income tax preparation business in the years 2019, 2020, and 2021, as well. (*Id.* at 12-13:23-1.) Hardy confirmed operational details of his business, including that he accepted payments for tax preparation services, *id.* at 14:18-23, and the P.O. box he used, *id.* at 13: 8-17, and his telephone number that was linked to several hundred tax returns in 2024. *Id.* at 13:18-24. This evidence of non-compliance is clear and convincing and demonstrates to a "reasonable certainty" that Defendant has continued to act as a tax return preparer, despite this Court's order

permanently enjoining him from doing so.

### C. Defendant Did Not Diligently Attempt to Comply in a Reasonable Manner

Reasonable diligence requires a party to "develop reasonably effective methods of compliance." *Zino Davidoff SA v. CVS Corp.*, No. 06-CV-15332, 2008 WL 1775410, at *8 (S.D.N.Y. Apr. 17, 2008) (Sullivan, J.) (citations omitted).  When evaluating what constitutes "reasonable diligence," courts examine whether a party has "substantially complied" with the court order at issue, *Yurman Studio, Inc. v. Casteneda*, 2009 WL 454275, at *2 (S.D.N.Y. Feb. 23, 2009) (Sheindlin, J.), and "whether defendants have been reasonably diligent and energetic in attempting to accomplish what was ordered." *Medina v. Buther*, No. 15-CV-1955, 2019 WL 581270, at *25 (S.D.N.Y. Feb. 13, 2019) (Preska, J.) (citations omitted).  A defendant is not reasonably diligent when he ignores a court order.  *Id.* (internal quotation marks and citation omitted).

In the more than 16 years since the Stipulation and Order was entered, Defendant has failed to comply, by continuing to act as a tax return preparer and operate his tax preparation business.

## II. Coercive Sanctions

The Government seeks coercive sanctions, specifically (1) disgorgement of all fees Defendant earned by preparing tax returns, (2) disclosure of all of Defendant's tax-preparation customers, and Defendant's financial and bank records, from April 16, 2007, to the present, and (3) fees and costs the Government incurred to investigate and bring this contempt motion.  (Mot. at 9–11.)

However, in accordance with the parties' joint request, ECF No. 40, the Court will defer ruling on a specific remedy—including the exact amount of disgorgement—until the parties apprise the Court that they are prepared to proceed.

## CONCLUSION

For the reasons discussed above, the Court GRANTS the Government's motion and finds Defendant Kevin Hardy in civil contempt for his noncompliance with the April 2007 Stipulation and Order.  In order to facilitate the parties' resolution to the outstanding issue on specific sanctions, the Court details the following schedule. No later than November 10, 2025 (or 30 days after the Government shutdown ends), the Government shall submit a motion for fees and costs that it incurred in investigating and bringing this contempt motion, along with documentation supporting those fees and costs.  Any response by Defendant is due 14 days after the Government's motion is filed.  Any reply by the Government is due 14 days after Defendant's response is filed.

Separately, by November 10, 2025, Defendant shall provide to the Government, for the time period from April 16, 2007 to the present: (1) a list of all of Defendant's tax-preparation customers and/or returns prepared since April 16, 2007, and the fee that was charged for the preparation of each return, and (2) all bank statements in which Defendant and/or K & T Associates LLC is a signatory or holds a beneficial interest, Venmo transaction records, and all other relevant financial records, to allow the Government to verify that all fees have been disgorged.

By November 10, 2025, Defendant shall identify all fees he collected for the preparation of tax returns under the PTIN ending in -9531 since April 16, 2007, disgorge those fees, and

9

forward such fees to the United States, in a manner to be communicated to Defendant by the Government.

      Defendant's failure to comply with this Order or the prior injunction in this case may result in further sanctions.

      The Clerk of Court is respectfully directed to close the pending motion at ECF No. 21.

      SO ORDERED.

Dated: New York, New York
       October 28, 2025

                                                          */s/ Kimba M. Wood*
                                                          KIMBA M. WOOD
                                         United States District Judge