USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  April 17, 2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

UNITED STATES OF AMERICA.,

                      Plaintiff,

         -against-

KEVIN HARDY,

                      Defendant.

---------------------------------------------------------X

05-CV-3847 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

On January 22, 2026, the Government filed a letter and proposed judgment, Gov't Jan. 22, 2026 Letter, ("Gov't Letter") ECF No. 54, concerning: (1) its motion for fees and investigative costs; and (2) the amount of disgorgement it is seeking against Defendant after this Court found Defendant in contempt for noncompliance with its April 2007 Stipulation and Order. (ECF No. 44.) The Government moves this Court to order Defendant to pay $22,165.42 in investigative costs and fees and $1,977,675.00 in disgorgement, Gov't Letter, at 1, for a total award of $1,999,840.42. Defendant has not opposed the Government's request for investigative costs and fees. He opposes the Government's motion for disgorgement to the extent that it exceeds $518,576.00. (Def.'s Feb. 5, 2026 Letter ("Def.'s Letter"), ECF No. 55, at 2.) For the reasons discussed below, the Court **GRANTS** the Government's request for investigative costs, fees, and disgorgement in the amount of $1,999,840.42.

Courts may award reasonable costs incurred in investigating and prosecuting civil contempt proceedings. *United States v. Simmons*, No. 22-CV-11916, 2025 WL 769791, at *6 (E.D. Mich. Mar. 11, 2025) (awarding the Government costs and expenses spent investigating a tax preparer for civil contempt). The Government has provided declarations to substantiate its

request for $22,165.42 in investigative costs and fees associated with pursuing this civil

contempt action, which this Court finds reasonable. (*Id.* (awarding the Government $17,502.09

in investigative costs and expenses); Decl. of Richard Raven, ECF No. 52; Decl. of Robert

Montemorra, ECF No. 23.) Defendant does not oppose the Government's seeking such costs.

This Court, therefore, orders Defendant to pay the Government's investigative costs of

$22,165.42 in full.

Disgorgement is a method by which a defendant is made to pay the plaintiff the amount

by which the defendant was unjustly enriched. *S.E.C. v. Razmilovic*, 738 F.3d 14, 31 (2d Cir.

2013). Ordinarily, "courts limit[] [disgorgement] awards to the net profits from wrongdoing[.]"

*Liu v. Sec. & Exch. Comm'n*, 591 U.S. 71, 83 (2020). But, "when the entire profit of a business or

undertaking results from the wrongful activity[,] . . . the defendant will not be allowed to

diminish the show of profits by putting in . . . inequitable deductions." *Id.* (internal citations and

quotation marks omitted.)

Defendant's entire post-injunction tax preparation business falls squarely within this

exception. The Court's 2007 Order prohibited Defendant from "[a]cting as an income-tax

preparer, including, but not limited to, operating his federal income tax preparation business[.]"

(April 2007 Stipulation and Order, ECF No. 17, at 4.) But, as this Court found in October 2025,

Defendant continued to operate as a tax return preparer well after the Stipulation and Order.

(Oct. 28, 2025 Op. and Order, ECF No. 44, at 7.) Every dollar Defendant took in to provide tax

preparation services after the 2007 Stipulation and Order, therefore, was in furtherance of

prohibited "wrongful activity."

All of the expenses Defendant seeks to deduct are clearly in furtherance of "operating"

his tax preparation business. For instance, Defendant asks this Court to deduct $21,584 for tax

preparation software, and $63,276 for tax return pay-per-return charges. (Def.'s Letter, at 2.)

Although Defendant claims these are legitimate expenses, there is no instance in which

Defendant could have incurred a "legitimate" expense in operating as a tax preparer because this

Court expressly prohibited him from acting as one. Because Defendant cannot demonstrate any

legitimate expenses associated with his tax preparation services, "[d]isgorgement of gross

revenues is appropriate[.]" *United States v. Stinson*, 729 F. App'x 891, 899 (11th Cir. 2018)

(citing *S.E.C. v. Cavanagh*, 445 F.3d 105, 116-17 (2d Cir. 2006)).

For the reasons stated above, Defendant Kevin Hardy is ordered to pay the United States

$1,999,840.42, which represents disgorgement of $1,977,675.00 in gross revenues that

Defendant generated from operating his tax preparation business in violation of the Stipulation

and Order and $22,165.42 in the Government's costs and expenses spent investigating

Defendant's noncompliance.

The Clerk of Court is respectfully directed to close the pending motion at ECF No. 51.

SO ORDERED.

Dated: New York, New York
     April 17, 2026

                                                   */s/ Kimba M. Wood*
                                                 KIMBA M. WOOD
                                      United States District Judge